<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| Tyrone Barnes, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 09-2489 (SRC)(MAS) |
| v. | : | **OPINION AND ORDER** |
| Yolette Ross, et al., | : | |
| Defendants. | : | |

**SHIPP, United States Magistrate Judge**

## I.        INTRODUCTION

This matter comes before the court by way of Plaintiff Tyrone Barnes's ("Plaintiff")

Application for Pro Bono Counsel.  (Doc. No. 7 ("Application").)  For the reasons stated below,

Plaintiff's application is denied without prejudice.

## II.        BACKGROUND

The Plaintiff is currently a prisoner at East Jersey State Prison.  He has filed a complaint

alleging that Defendants violated his rights under the Sixth and Fourteenth Amendments when

they deferred his parole and held him beyond his parole eligibility date without providing him a

pre-parole report and a proper hearing.  The Plaintiff's complaint survived Defendants' motion to

dismiss under Rule 12(b)(6).

### III.   LEGAL DISCUSSION

Parties proceeding *in forma pauperis* do not have an absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). The court's appointment of counsel for a litigant in a civil case is a matter of discretion. *Id.* at 457. In determining whether to appoint counsel, the court will first consider whether the claim has some merit in fact and law. *Id.* at 457-58. Once the court determines that the plaintiff's claim has some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The aforementioned factors are not exhaustive, but rather serve as a "guidepost" for district courts making a determination of whether appointment of pro bono counsel is appropriate. *Id.* at 458. Importantly, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron, supra,* 6 F.3d at 157).

Preliminarily, this court notes that Plaintiff's complaint appears to have some merit as it alleges violations of New Jersey state law that, if substantiated, could amount to violations of Plaintiff's constitutional rights under the Sixth and Fourteenth Amendments. Next, having

carefully considered the *Tabron* factors, this Court finds that appointment of pro bono counsel is not appropriate at this time.

First, Plaintiff's ability to present his own case is supported by the detailed, legal research evidenced both in his complaint and in his application requesting appointment of pro bono counsel. Given the legal support provided in his Application, his claim that he is being denied legal access to the prison library or other legal resources is not persuasive, as all the pleadings and letters he has submitted to this Court thus far have been well-articulated and lengthy, providing citations to various statutes and case law. Furthermore, the Court notes that Plaintiff has represented himself successfully in prior actions. "Education, literacy, prior work experience, and prior litigation experience" all suggest a plaintiff is capable of proceeding *pro se*. *Tabron, supra*, 6 F.3d at 156. Thus, it is clear to this Court that the Plaintiff is capable of presenting his own case.

Next, this Court finds that the legal issues in the case are not so complex as to warrant appointment of pro bono counsel. Moreover, the Plaintiff's case does not require extensive factual investigation. Plaintiff has identified fifteen different Defendants and their roles on the Parole Board. His claim that he needs to conduct extensive discovery to identify witnesses or persons responsible for pre-parole reports is not persuasive, as such information could be provided via written interrogatory requests and document demands. Plaintiff does not assert a need for any depositions from fact witnesses or other complex discovery issues that convince this Court that Plaintiff requires counsel in order to properly litigate this matter.

This Court further finds that this matter is not likely to turn on credibility determinations. Here, as in most cases, there are two sides to the story, but the ultimate determination will not hang solely on the credibility of either the Plaintiff or the Defendants. Indeed, "when considering this

factor, courts should determine whether the case was solely a swearing contest." *Parham*, *supra*, 126 F.3d at 460.  Thus, credibility concerns do not provide a basis for appointing pro bono counsel.

This Court is equally not persuaded by Plaintiff's assertion that expert testimony will be necessary with regard to the ineffectiveness of enhanced sentencing on recidivism, as well as the Parole Board's reliance on inmate psychiatric evaluations.  Plaintiff's complaint concerns whether the Parole Board lawfully extended his sentence and Plaintiff did not convince this Court that such expert testimony is vital to Plaintiff's ability to properly litigate this matter.

Finally, while Plaintiff may very well be unable to afford counsel, as stated above, appointment of counsel is not an absolute right.  *Id.* at 456.  Where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel.  *Id.* at 461.  Here, however, the balancing of other factors suggests that Plaintiff is capable of proceeding *pro se* and that appointment of pro bono counsel is unwarranted.

## ORDER

Based on the foregoing reasons and for other good cause shown,

**IT IS** on this **9**[th] day of **June, 2010,**

**ORDERED** that Plaintiff Tyrone Barnes's Application for Pro Bono Counsel is **DENIED** without prejudice.

/s Michael A. Shipp
**Michael A. Shipp**
**UNITED STATES MAGISTRATE JUDGE**