UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE BARNES, :<br>:<br>:<br>Plaintiff, : | Civil Action No. 09-2489 (SRC) |
| : | |
| v. : | **OPINION & ORDER** |
| : | |
| YOLETTE ROSS et al., :<br>:<br>:<br>:<br>Defendants. : | |

**CHESLER, U.S.D.J.**

      This matter comes before the Court on Plaintiff's appeal of a non-dispositive Order issued on June 9, 2010 by United States Magistrate Judge Michael A. Shipp, denying Plaintiff's application for *pro bono* counsel. For the reasons stated below, the Magistrate Judge's Order will be affirmed.

      A Magistrate Judge's disposition of a non-dispositive motion is subject to review under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). Accordingly, Magistrate Judge Shipp's ruling on this non-dispositive motion is reversible only if it is "clearly erroneous or contrary to law." Id.

      Plaintiff appeals on these grounds: 1) Magistrate Judge Shipp erred in concluding that he has the ability to present his own case; 2) having pro bono counsel would be helpful to Plaintiff; 3) Magistrate Judge Shipp erred in concluding that the legal issues are not so complex as to warrant appointment of *pro bono* counsel; 4) Magistrate Judge Shipp erred in concluding that the case does not require extensive factual investigation; and 5) Magistrate Judge Shipp erred in

concluding that the case is not likely to turn on credibility determinations.

As to the first argument, Plaintiff has not persuaded this Court that Magistrate Judge Shipp's determination was in error. Rather, the briefs that Plaintiff has submitted to this Court in this case are of a quality equal to those of some attorneys. This Court finds no reason to conclude that Magistrate Judge Shipp erred.

As to the second argument, this is not a factor recognized by the Third Circuit in the analysis under Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

As to the third argument, Plaintiff does not explain how Magistrate Judge Shipp overlooked the complexity of his case. Similarly, as to the fourth argument, Plaintiff does not explain how Magistrate Judge Shipp erred in concluding that fact discovery could be handled through interrogatories and document production, which Plaintiff could handle himself.

Lastly, as to the fifth argument, Plaintiff fails to even identify a specific credibility determination on which he believes his case will turn.

In sum, Plaintiff has failed to show that Magistrate Judge Shipp erred in his analysis of any of the Tabron factors. This Court is satisfied that Magistrate Judge Shipp's Order was neither clearly erroneous nor contrary to law. To the contrary, it is manifestly the correct decision.

For these reasons,

**IT IS** on this 19th day of August, 2010,

**ORDERED** that Plaintiff's appeal [Docket Entry No. 32] of Magistrate Judge Shipp's June 9, 2010 Order is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Shipp's June 9, 2010 Order is hereby **AFFIRMED**.

   s/ Stanley R. Chesler   
Stanley R. Chesler, U.S.D.J.
