NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE BARNES, : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> YOLETTE ROSS et al., : <br> : <br> : <br> : <br> Defendants. : | Civil Action No. 09-2489 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, filed by Defendants Carmen M. Garcia, Thomas Haff, Charlie Jones, Louis Romano, Kenneth Sanders, William Thomas, Ruby J. Washington, Yolette Ross, Oscar Doyle, Paul Contillo, Reni Erdos, Norman Robertson, Heriberto Collazo, and Laurie Fuchs (collectively, "Defendants.")  For the reasons that follow, the motion will be denied.

At issue in this motion are claims by Plaintiff Tyrone Barnes ("Plaintiff") for injunctive and declaratory relief connected to alleged delays in holding parole hearings for Plaintiff during his incarceration in 2008 and 2009.  In short, Defendants contend that they are entitled to judgment as a matter of law because the evidence shows that all of the parole hearings were timely held.  Defendants offer as evidence the declaration of New Jersey State Parole Board employee Paul O'Connell, which includes an appendix of calculations relating to parole timing.

In short, Plaintiff opposes the motion on the ground that the O'Connell timeliness

calculations offered by Defendants are contradicted by timeliness calculations prepared by Department of Corrections employee Jennifer Morgan. This suffices to raise a material factual dispute. See Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial.")

Significantly, Defendants' reply brief does not address Plaintiff's argument in any way. Defendants do not challenge the admissibility nor the relevance of the Morgan calculations, nor do Defendants attempt to refute Plaintiff's argument that the evidence of record shows a genuine dispute over material facts. This Court construes Defendants' silence as a concession that a material factual dispute exists. Therefore, the motion for summary judgment will be denied.

For these reasons,

**IT IS** on this 17th day of January, 2012,

**ORDERED** that Defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56 (Docket Entry No. 70) is **DENIED**.

　　　　　　　　　　　　　　　　　　　   /s Stanley R. Chesler   
　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　　　United States District Judge