<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYRONE BARNES, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-2489 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| YOLETTE ROSS et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by Defendants Carmen M. Garcia, Thomas Haff, Charlie Jones, Louis Romano, Kenneth Sanders, William Thomas, Ruby J. Washington, Yolette Ross, Oscar Doyle, Paul Contillo, Reni Erdos, Norman Robertson, Heriberto Collazo, and Laurie Fuchs (collectively, "Defendants.")  For the reasons that follow, the motion to dismiss will be granted.

In brief, Defendants argue that: 1) Plaintiff has now been paroled; 2) the only claim remaining in this case seeks declaratory relief under § 1983 for past events; and 3) such an action does not constitute a justiciable case or controversy.  In support, Defendants point only to non-precedential cases, such as <u>Corliss v. O'Brien</u>, 200 Fed. Appx. 80, 84 (3d Cir. Pa. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct.")

In <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 127 (2007), the Supreme Court

explained that no bright-line rule distinguishes those declaratory-judgment actions that satisfy the case or controversy requirement from those which do not. The Court stated the following test to determine whether a justiciable controversy exists: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.

Applying this principle to the instant case, there does not appear to be a controversy between the parties of sufficient immediacy and reality. Plaintiff seeks only a declaration that his due process rights were violated by delays in scheduling parole hearings. At this point in time, as Defendants contend, such a declaration would bring no actual benefit to Plaintiff. Crucially, in opposing the motion, Plaintiff does not point to any way in which this Court could legally act to provide him with real redress of his grievances. In its jurisprudence regarding standing, the Supreme Court has held that Plaintiff bears the burden of establishing redressability: "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Plaintiff's opposition to Defendants' motion points to no way in which his asserted injury – violation of his due process rights by delays in scheduling parole hearings – would be redressed in any real way by a judicial declaration in his favor. As such, there is no justiciable case or controversy remaining in this case. Defendants' motion to dismiss will be granted, and the Complaint will be dismissed for lack of subject matter jurisdiction.

      /s Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 4, 2012